UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTOINE AMBROSE, SR., | Case No. 24-CV-4178 (PJS/JFD) |
| Plaintiff, | |
| v. | ORDER |
| FREEDOM MORTGAGE, | |
| Defendant. | |

Antoine Ambrose, Sr., plaintiff pro se.

Julia J. Douglass, FABYANSKE, WESTRA, HART & THOMSON, P.A., for defendant.

Plaintiff Antoine Ambrose, Sr., filed a petition to quiet title against defendant Freedom Mortgage ("FM") in state court. FM removed the action to this Court on the basis of diversity jurisdiction. This matter is before the Court on FM's motion to dismiss under both Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12(b)(6). For the reasons that follow, FM's motion is granted, and this case is dismissed with prejudice.[1]

---

[1] Also pending before the Court are numerous motions and other filings from Ambrose (1) seeking the entry of a default judgment and (2) objecting to various court orders and filings from FM.

With respect to Ambrose's motions and other filings contending that he is entitled to a default judgment: The Court previously rejected Ambrose's objection to Magistrate Judge John F. Docherty's order granting FM an extension of time in which to respond to Ambrose's petition. *See* ECF Nos. 10, 16, 20. Ambrose's motions and other

(continued...)

*A. Standard of Review*

In reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Perez v. Does 1–10*, 931 F.3d 641, 646 (8th Cir. 2019). Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.

---

[1](...continued)
filings seeking a default judgment amount to motions to reconsider, which are prohibited absent the Court's prior permission and a showing of compelling circumstances. *See* D. Minn. L.R. 7.1(j). Ambrose did not obtain the Court's permission, nor has he shown compelling circumstances. These motions are therefore denied as unauthorized.

Even if the motions were authorized, the Court would deny them on the merits. As the Court has already explained to Ambrose, default judgments are disfavored, ECF No. 23, and it is extremely common for courts to extend the time to respond to an initial pleading, as there is little chance of prejudice to the opposing party when the case has just begun.

As for Ambrose's objections to other orders and filings, they are rejected, as they are based on his frivolous argument that this Court lacks authority to enter orders absent Ambrose's or a jury's permission.

*B. Analysis*

Ambrose's petition to quiet title asserts that he is seeking a "judicial determination regarding the validity of the promissory note in question." ECF No. 1-1 at 5.[2] So far as can be gleaned from Ambrose's filings, the promissory note evidences a debt that Ambrose incurred to purchase his residence. *Id.* at 6.

Ambrose alleges that FM claims an interest in this property based on being a holder of the promissory note, and further alleges that FM's claimed interest is invalid or unenforceable because FM is not a holder in due course of the note. *Id.* This allegation, in turn, is based on the inclusion, in the note, of the phrase "pay to the order of." *Id.* Ambrose contends that the inclusion of this type of language means that the instrument is not a promissory note. *Id.* Based on these allegations, Ambrose seeks to quiet title, and Ambrose also seems to assert various statutory and common-law claims. *Id.* at 7; ECF No. 32 at 1–2.

To support his argument, Ambrose cites § 3-104(e) of the Uniform Commercial Code, which states as follows:

> An instrument is a "note" if it is a promise and is a "draft" if it is an order. If an instrument falls within the definition of *both* "note" *and* "draft," a person entitled to enforce the instrument may treat it as either.

---

[2] When citing documents by ECF number, the Court cites to the page numbers generated by the Court's electronic filing system, which appear at the top of the page.

Minn. Stat. § 336.3-104(e) (emphasis added). As this language indicates, however, an instrument can be *both* a "note" *and* a "draft." Consistent with this rule, promissory notes often employ the phrase "pay to the order of." *See BlueTarp Fin., Inc. v. Robertson Dev., L.L.C.*, No. 21-30056, 2022 WL 152509, at *2 (5th Cir. Jan. 14, 2022) (per curiam) (describing promissory note containing "pay to the order of"); *Elec. Distributors, Inc. v. SFR, Inc.*, 166 F.3d 1074, 1086–87 (10th Cir. 1999) (same); *Robson as Tr. of Michael T. Robson Revocable Tr. v. Duckpond Ltd.*, No. 4:19-CV-1862 CAS, 2019 WL 5315217, at *1 (E.D. Mo. Oct. 21, 2019) (same); *Benson v. Aydan Holding*, No. A08-1311, 2009 WL 1852444, at *1 (Minn. Ct. App. June 30, 2009) (same); *Bartley v. BTL Enters., Inc.*, 490 N.W.2d 664, 666 (Minn. Ct. App. 1992) (same).

Simply alleging that an instrument contains the phrase "pay to the order of" is therefore insufficient to state a plausible claim that it is not a promissory note.[3] *See De Novo Dymante Express Tr. v. Freedom Mortg. Corp.*, No. CV H-24-3051, 2024 WL 4256440, at *2 (S.D. Tex. Sept. 19, 2024) (rejecting argument that "pay to the order of," by itself, means that the instrument is not a promissory note).

Finally, as this appears to be the only basis on which Ambrose asserts any statutory or common-law claims—and as Ambrose alleges no other facts on which such

---

[3]Notably, Ambrose did not attach the note to his petition, nor submit it in connection with any of his numerous filings.

claims could be based—those claims fail to state a claim on which relief could be granted. The Court therefore grants FM's motion to dismiss.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss [ECF No. 24] is GRANTED.

2. Plaintiff's petition [ECF No. 1-1] is DISMISSED WITH PREJUDICE AND ON THE MERITS.

3. All of plaintiff's pending motions are DENIED and all of the objections he has raised in various filings are OVERRULED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  April 1, 2025                                  s/Patrick J. Schiltz
                                                       Patrick J. Schiltz, Chief Judge
                                                       United States District Court